# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY, | CV F 03 6925 REC LJO P |
| Plaintiff, | ORDER DISREGARDING MOTION FOR COMPLIANCE WITH CIRCUIT COURT OF APPEALS RULE (Doc. 36.) |
| v. | |
| EDWARD ALAMEIDA, et. al., | ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 37) |
| Defendants. / | |

Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on December 24, 2003. Following numerous attempts by the Court to resolve the fee issue and appeals by Plaintiff, the appeal issue was resolved on August 11, 2004.

On April 19, 2005, Plaintiff filed a Pleading titled "Motion Order Directing Procedural Compliance with Circuit Rule 27-7." On April 26, 2005, Plaintiff moved this Court for reconsideration of its prior Order denying his Motion for Substitution of Copies.

**A. MOTION FOR PROCEDURAL COMPLIANCE**

In this pleading, Plaintiff requests an Order directing procedural compliance with Circuit Rule 27-7. Plaintiff's request, however, is wholly unclear. The Circuit Rules apply to the United States Court of Appeal of the Ninth Circuit. Cases and pleadings filed in the U.S. District Court for the Eastern District of California, however, are governed by the Local Rules established

specifically for cases filed in this Court. Thus, Rule 27-7 is inapplicable. Accordingly, the Motion for Order Directing Procedural Compliance is DISREGARDED.

**B. MOTION FOR RECONSIDERATION**

On April 26, 2005, Plaintiff moved for reconsideration of this Court's prior Order denying his Request for Substitution of documents. In that Order, the Court informed Plaintiff that it would not and could not remove documents and replace documents at the Plaintiff's request. In addition, because court files are now maintained in electronic form, it is literally impossible to remove or add documents to a particular pleading. Plaintiff was further informed that if he wished to now include the missing documents, he would be required to submit an Amended Complaint. Nevertheless, Plaintiff has sought reconsideration of the Court's prior order stating that he discovered certain exhibits missing from his initial Complaint and wishes to submit them.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3).

Plaintiff's Motion to Reconsider the Order denying the Motion for Substitution of Copies is not based on any new facts or law not in existence at the time the Court denied the Motion. Accordingly, the Motion is DENIED.

IT IS SO ORDERED.

**Dated:   November 21, 2005**             /s/ Lawrence J. O'Neill
b9ed48                                      UNITED STATES MAGISTRATE JUDGE

2