1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOSEPH RAYMOND MCCOY,          CV F 03 6925 REC LJO P

          Plaintiff,          ORDER DISMISSING WITH LEAVE TO
                          AMEND (Doc. 1)

   v.

                          ORDER DIRECTING CLERK OF COURT TO
                          SEND PLAINTIFF BLANK CIVIL RIGHTS
EDWARD ALAMEIDA, et. al.,         FORM

          Defendants.
_____/

    Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma

pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Plaintiff filed the instant action on December 24, 2003.  Following numerous attempts by

the Court to resolve the fee issue and appeals by Plaintiff, the appeal issue was resolved on

August 11, 2004.

## A.  SCREENING REQUIREMENT

        The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  28

1

1  U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have

2  been paid, the court shall dismiss the case at any time if the court determines that . . . the action

3  or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

4  1915(e)(2)(B)(ii).

5      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

7  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

8  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

9  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

10 complaint under this standard, the court must accept as true the allegations of the complaint in

11 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

12 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

13 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14 **B.  RULE 8(A) OF FEDERAL RULES OF CIVIL PROCEDURE**

15     The Court has reviewed Plaintiff's complaint and finds that it does not comply with Rule

16 8 of the Federal Rules of Civil Procedure, which calls for a "short and plain statement of the

17 claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a), and mandates that

18 "[e]ach averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. Pro. 8(e)(1).

19 Plaintiff's complaint is not only lengthy but difficult to read in that Plaintiff repeatedly uses legal

20 jargon throughout and makes numerous references to hundreds of attachments.  In addition, the

21 Court cannot glean the nature of Plaintiff's complaints from what is provided as Plaintiff appears

22 to be providing a narrative of every minute detail over the course of a certain period of time.

23 Given that Plaintiff is suing forty-three defendants, these failures are of no minor consequence.

24     Plaintiff's Complaint should be short and to the point, containing only those facts

25 necessary to state one or more claims against each defendant.  Plaintiff complaint should not

26 contain legal arguments, citations to legal authority, unnecessary background information or

27 mere references to attachments.  The function of the Complaint is to place the Defendants on

28 notice as to Plaintiff's claims for relief and the facts that support those claims.  It is not the

1  function of the Complaint to list every single fact that is somehow related to the claims without

2  ever specifying which constitutional violations occurred and a brief statement as to how it

3  occurred.   In addition, Plaintiff need not submit every piece of evidence in his possession that he

4  intends to use to support his claims at a later stage in the proceedings.   The Complaint serves

5  only to provide the Defendants with notice.   Thus, it is imperative that it list each claim for relief

6  and then a ***brief*** statement of the facts that support that claim for relief.   In addition, the Court

7  recognizes that Plaintiff is proceeding in this action in propria persona.   Thus, he is not required

8  to use legal terms or what is often referred to in the legal community as "legal jargon."   Plain,

9  simple and most importantly, understandable English will suffice.

10          Plaintiff should further note that the Civil Rights Act under which this action was filed

11  provides:

12          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
13          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
14          law, suit in equity, or other proper proceeding for redress.

15  42 U.S.C. § 1983.   The statute plainly requires that there be an actual connection or link between

16  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.   See

17  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

18  (1976).   The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

19  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

20  in another's affirmative acts or omits to perform an act which he is legally required to do that

21  causes the deprivation of which complaint is made."   Johnson v. Duffy, 588 F.2d 740, 743 (9th

22  Cir. 1978).   In order to state a claim for relief under section 1983, Plaintiff must link each named

23  defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's

24  federal rights.

25          Because Plaintiff's complaint is almost entirely incomprehensible and thus, not in

26  compliance with Rule 8(a), the Court declines to expend its already taxed resources trying to

27  figure out what the Claims for relief are and what Defendants did to violate his rights.   This

28

1  should be made abundantly clear by the Complaint itself so as to notify the Court and Defendants

2  of the nature of the violation and the facts that demonstrate the violation. Plaintiff must submit a

3  complaint to the court that meets the requirements of Rule 8.  Plaintiff's adherence to Rule 8's

4  "short and plain statement" requirement will serve to assist the Court and the Defendants in

5  moving his case along.

6  **D. CONCLUSION**

7       Accordingly, the Court finds that Plaintiff's Complaint, in its current state, does not

8  contain any claims upon which relief can be granted under § 1983 against any of the Defendants.

9  The Court will provide Plaintiff with time to file a first Amended Complaint curing the

10  deficiencies identified above should he wish to do so.

11       Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

12  resulted in a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625 F.2d 227 (9th Cir.

13  1980).  Plaintiff shall state as briefly as possible the facts of his case, describing how each

14  Defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or

15  statutes.  Plaintiff shall separate and label his claims, so that each claim and the involvement of

16  the Defendant(s) in each claim are clear.  Further, for each claim, Plaintiff shall briefly, clearly

17  and succinctly set forth the facts that Plaintiff believes give rise to the claim.  Further, there can

18  be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

19  between a defendant's actions and the claimed deprivation.  Rizzo v.  Goode, 423, U.S. 362

20  (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588 F.2d 740,

21  743 (9th Cir.  1978).

22       Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

23  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

24  Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

25  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

26  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

27  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

28  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

4

1    appropriate case number, and be an original signed under penalty of perjury.

2    **E. ORDER**

3            The Court HEREBY ORDERS:

4        1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

5                complaint form.  It is most beneficial to the Court and opposing parties when the

6                Plaintiff utilizes this form as it contains questions that will draw out the necessary

7                facts that support claims for relief.

8        2.      The Amended Complaint is DISMISSED with leave to amend.  WITHIN

9                THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

10               a.      File an Amended Complaint curing the deficiencies identified by the Court

11                       in this Order, or

12               b.      Notify the Court in writing that he does not wish to file an Amended

13                       Complaint and pursue the action but instead wishes to voluntary dismiss

14                       the case.

15           Plaintiff is forewarned that his failure to comply with this Order may result in a

16   Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

17   IT IS SO ORDERED.

18   **Dated:   November 21, 2005**              **/s/ Lawrence J. O'Neill**
     b6edp0                                      UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28