# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY, | CV F 03 6925 OWW  LJO P |
| Plaintiff, | SECOND ORDER DISMISSING WITH LEAVE TO AMEND (Doc. 45) |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| EDWARD ALAMEIDA, et. al., | |
| Defendants. | |

Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on December 24, 2003. Following numerous attempts by the Court to resolve the fee issue and appeals by Plaintiff, the appeal issue was resolved on August 11, 2004. The Court screened Plaintiffs Complaint on November 21, 2005, and dismissed it with leave to amend. Plaintiff was informed of the requirements of Rule 8(a). On January 18, 2006, Plaintiff submitted an Amended Complaint. This Complaint consists of over 100 pages.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  RULE 8(A) OF FEDERAL RULES OF CIVIL PROCEDURE**

The Court has reviewed Plaintiff's First Amended Complaint and again finds that Plaintiff has failed to comply with Rule 8.  Rule 8 of the Federal Rules of Civil Procedure calls for a "short and plain statement of the claim showing that the pleader is entitled to relief," and mandates that "[e]ach averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. Pro. 8(a), (e)(1).  Plaintiff's complaint is not only lengthy but difficult to read as it is largely incomprehensible.  Plaintiff names approximately 40 Defendants but provides only narrative and run on sentences to state the facts in support.  Plaintiff's Complaint should be short and to the point, containing only a brief statement of the facts necessary to state one or more claims against each defendant.  Plaintiff complaint should not contain legal arguments, citations to legal authority, unnecessary background information, mere references to attachments or a story-book format of the events he believes constitute constitutional violations.  The function of the complaint is to place the Defendants on notice as to Plaintiff's claims for relief and the facts that support each alleged claim.  It is not the function of the complaint to list every single fact that is somehow related to the claims without ever specifying which constitutional violations occurred and a brief statement as to how it occurred.

In addition, Plaintiff need not submit every piece of evidence in his possession that he intends to use to support his claims at a later stage in the proceedings.  The submission of exhibits and evidence is inappropriate at this stage of the action as Plaintiff need only allege

sufficient facts giving rise to his claims for relief.

**It is imperative that it list each individual claim for relief and then provide a *brief* statement of the facts that support that claim for relief.  In doing so, Plaintiff must link EACH named Defendant with the act or omission giving rise to the Constitutional claim.** A passing reference or listing of several names in the same paragraph as the facts is not sufficient to state a claim for relief.   The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Because Plaintiff's complaint is almost entirely incomprehensible and thus, not in compliance with Rule 8(a), the Court declines to expend its already taxed resources trying to figure out what the claims for relief are and who did what to whom and when.  This should be plainly clear by the complaint itself so as to notify the Court and Defendants of the constitutional violation and the facts that demonstrate the violation.  Plaintiff must submit a complaint to the court that meets these requirements.  Plaintiff's adherence to Rule 8's "short and plain statement" requirement will serve to assist the Court and the Defendants in moving his case along.  Plaintiff is forewarned that should he fail to comply with the requirements of Rule 8, the Court will

1  recommend dismissal.

2  **D. RELEVANT LAW**

3  Despite the fact that Plaintiff has failed to compose a Complaint that meets the Rule 8
4  requirements, the Court will provide Plaintiff with what may or may not be relevant law in order
5  to assist him in providing the required facts to state a claim for relief.  Plaintiff must keep in
6  mind that he must link each Defendant to the act or omission giving rise to the violation.  In
7  linking Defendants, Plaintiff is informed that simply providing a list containing each individuals
8  name and what their employment position is does not meet the linkage requirement.

9  *1. Supervisory Liability*

10  Plaintiff names numerous individuals who appear to be supervisors.

11  Supervisory personnel are generally not liable under Section 1983 for the actions of their
12  employees under a theory of respondeat superior and, therefore, when a named defendant holds a
13  supervisory position, the causal link between him and the claimed constitutional violation must
14  be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
15  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim
16  for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege
17  some facts that would support a claim that supervisory Defendants either: personally participated
18  in the alleged deprivation of constitutional rights; knew of the violations and failed to act to
19  prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a
20  repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"
21  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List,
22  880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts
23  must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County
24  Narcotics Unit, 507 U.S. 163, 168 (1993).

25  *2. Conspiracy*

26  Plaintiff heads one of his claims as based on a theory of conspiracy.

27  In the context of conspiracy claims brought pursuant to section 1983, such a complaint
28  must "allege [some] facts to support the existence of a conspiracy among the defendants."

4

Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

### *3. Retaliation*

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under Section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). The court must " 'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995) (*quoting* Sandin v. Conner, 515 U.S. 472, 482, 115 S.Ct. 2293 (1995)). The burden is on plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

### *4. Challenges to disciplinary actions*

Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (*citing* Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, Plaintiff's due process claim is barred until such time as Plaintiff invalidates the result of the disciplinary hearing. Id. Thus, to the extent Plaintiff is challenging any disciplinary finding, he may not proceed in Section 1983, until his disciplinary result was overturned.

*5. Timely Review of Appeals*

There is no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). A failure to process a grievance does not state a constitutional violation. Buckley, supra.

**E. ORDER**

Accordingly, the Court again finds that Plaintiff's Amended Complaint, in its current state, does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff shall state as **briefly** and as **clearly** as possible the facts of his case, describing how each Defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes. Plaintiff shall separate and label his claims, so that each claim and the involvement of the Defendant(s) in each claim are clear. Further, for each claim, Plaintiff shall briefly, clearly and succinctly set forth the facts that Plaintiff believes give rise to the claim. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

1 | Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2 |     Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

    The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form. It is most beneficial to the Court and opposing parties when the Plaintiff utilizes this form as it contains questions that will draw out the necessary facts that support claims for relief.

2. The First Amended Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a. File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

    Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   January 17, 2007**             /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE