WO                                                                                                                           **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Raymond McCoy,        )  | No. CV 1-03-6925-MHM |
| Plaintiff,        ) | **ORDER** |
| vs.        ) | |
| Edward S. Alameida, et al.,        ) | |
| Defendants.        ) | |

**I.   Background**

Joseph Raymond McCoy, who is confined in the California Substance Abuse Treatment Facility in Corcoran, California, filed this case on December 24, 2003. United States Magistrate Judge Lawrence O'Neill issued an Order (Doc. # 41) dismissing the Complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and giving Plaintiff an opportunity to file an amended complaint that cured the deficiencies identified in the Order.

Plaintiff filed a First Amended Complaint. Magistrate Judge O'Neill issued an Order (Doc. # 48) dismissing the First Amended Complaint for failure to comply with Rule 8(a). In addition to noting multiple deficiencies in the First Amended Complaint, Magistrate Judge O'Neill stated:

> Plaintiff's Complaint is not only lengthy but difficult to read as it is largely incomprehensible. . . . Plaintiff's Complaint should be short and to the point, containing only a brief statement of the

> facts necessary to state one or more claims against each defendant.
>
> \*\*\*
>
> It is imperative that it list each individual claim for relief and then provide a *brief* statement of the facts that support that claim for relief. In doing so, Plaintiff must link EACH named Defendant with the act or omission giving rise to the Constitutional claim.
>
> \*\*\*
>
> **Plaintiff is forewarned that should he fail to comply with the requirements of Rule 8, the Court will recommend dismissal.**

(Doc. # 48 at 2-4) (emphasis added). Magistrate Judge O'Neill gave Plaintiff an opportunity to file a second amended complaint that cured the multiple deficiencies identified in the Order.

Plaintiff filed a Second Amended Complaint (Doc. # 54). This case was reassigned to the undersigned judge on November 25, 2008 (Doc. # 60).

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Second Amended Complaint will be dismissed without leave to amend.

**III.    Second Amended Complaint**

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr.

1 Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir.
2 1996). It is not the responsibility of the Court to review a rambling narrative in an attempt
3 to determine the number and nature of a plaintiff's claims.
4     In addition, to state a valid claim under § 1983, plaintiffs must allege that they
5 suffered a specific injury as a result of specific conduct of a defendant and show an
6 affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode,
7 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil
8 rights complainant must allege that the supervisory official personally participated in the
9 constitutional deprivation or that the supervisory official was aware of widespread abuses
10 and, with deliberate indifference to the inmate's constitutional rights, failed to take action to
11 prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir.
12 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565,
13 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436
14 U.S. 658, 691-92 (1978). There is no *respondeat superior* liability under § 1983, and
15 therefore, a defendant's position as the supervisor of persons who allegedly violated a
16 plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor,
17 880 F.2d at 1045.
18     Despite specific instructions from Magistrate Judge O'Neill, Plaintiff's Second
19 Amended Complaint remains a narrative that is devoid of concise statements of his claims.
20 Additionally, Plaintiff still fails to articulate the specific acts of Defendants that Plaintiff
21 believes gives rise to constitutional violations. And finally, Plaintiff continues to present
22 claims that the Court has advised Plaintiff are not constitutionally cognizable or fail to state
23 a claim.
24     Plaintiff's Second Amended Complaint is only marginally closer to a viable complaint
25 than its predecessors. It is still woefully deficient and fails to comply with Rule 8 of the
26 Federal Rules of Civil Procedure. The Court will dismiss it.
27 ///
28 ///

**IV.   Dismissal without Leave to Amend**

Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint. Plaintiff apparently gave little heed to, or was unable to comply with, the Court's instructions. Further opportunities would be futile. Therefore, the Court, in its discretion, will not grant Plaintiff further leave to amend and will dismiss the Second Amended Complaint without leave to amend.

**IT IS ORDERED** that the Second Amended Complaint (Doc. # 54) is **dismissed with prejudice** for failure to comply with Rules 8 of the Federal Rules of Civil Procedure. The Clerk of Court must enter judgment accordingly and close this case.

DATED this 12th day of February, 2009.

_____
Mary H. Murguia
United States District Judge